Lesley E. Weaver (SBN 191305)
*lweaver@bfalaw.com*
Anne K. Davis (SBN 267909)
*adavis@bfalaw.com*
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020

*Counsel for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMARIAH LOCKHART, individually and as a parent and guardian of her minor child, P.M., JUSTINE SHAMEY, individually and as a parent and guardian of her minor child, A.B., KRISTIN ECKART, individually and as a parent and guardian of her minor children, J.E. and T.E., and CARA LEWIS, individually and as a parent and guardian of her minor children, M.L. and A.L., and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> POWERSCHOOL HOLDINGS, INC. and POWERSCHOOL GROUP LLC, <br><br> Defendants. | Case No. _____ <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. **Negligence** <br> 2. **Negligence *Per Se*** <br> 3. **Breach of Third-Party Beneficiary Contract** <br> 4. **Invasion of Privacy** <br> 5. **Unjust Enrichment** <br> 6. **Breach of Fiduciary Duty** <br> 7. **Declaratory Judgment** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Samariah Lockhart, individually and as a parent and guardian of her minor child, P.M., Justine Shamey, individually and as a parent and guardian of her minor child, A.B., Kristin Eckart, individually and as a parent and guardian of her minor children, J.E. and T.E., and Cara Lewis, individually and as a parent and guardian of her minor children, M.L. and A.L., (collectively, "Plaintiffs"), and on behalf of all others similarly situated, by and through their attorneys, brings this class action against Defendants PowerSchool Holdings, Inc. and PowerSchool Group LLC (collectively, "PowerSchool" or "Defendants"). Plaintiffs make the following allegations on information and belief, upon personal knowledge as to their own acts and experiences, upon the investigation of counsel, and upon facts that are a matter of public record.

## I.    INTRODUCTION

1.    Plaintiffs bring this data breach class action against Defendants for their failure to properly secure and safeguard Plaintiffs' and/or other members of the proposed class's ("Class Members") personally identifying information stored by the Defendants. PowerSchool is a cloud-based software provider of education technology to K–12 schools.

2.    On January 7, 2025, Defendants began announcing to schools that an unauthorized threat actor had accessed records of students and employees between December 19 and December 24, 2024 (the "Data Breach"). According to Defendants, an unauthorized threat actor used compromised credentials to gain access to PowerSchool's internal support tools. The threat actor then used an "export data manager" tool to download records from schools nationwide. The full scope of the information exposed in the breach is yet unknown but includes: names, phone numbers, birthdays, addresses, Social Security numbers, medical information, school records, and other personally identifiable information (collectively, "PII" or "Private Information").

3.    In order to use PowerSchool's services, Plaintiffs and Class Members had to provide their Private Information to the Defendants. Therefore, at all relevant times, Defendants knew or should have known that Plaintiffs and Class Members would use Defendants' services to store and/or share sensitive data, including highly confidential Private Information.

4.      Yet, Defendants failed to implement appropriate security measures, which would have prevented the Data Breach. PowerSchool has acknowledged that the Data Breach occurred from passwords and credentials being compromised.

5.      Defendants acted intentionally, willfully, recklessly, and/or negligently in failing to take and implement adequate and reasonable measures to ensure the Plaintiffs' and Class Members' Private Information was safeguarded. As a result, Plaintiffs and Class Members have had their personal information exposed to untold number of unauthorized third parties.

6.      Plaintiffs bring this class action against the Defendants for their failure to properly secure and safeguard the sensitive and personally identifiable information of Plaintiffs and Class Members whose data was stored and maintained by PowerSchool. As a direct and proximate result of Defendants' failure to implement and follow standard security measures, the value of Plaintiffs' and Class Members' personal information diminished. Plaintiffs and Class Members further face an increased risk of identity theft and fraud due to the Data Breach, and must also devote substantial time, money, and energy to protect themselves, to the extent possible, from these crimes.

## II.    JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). There are at least 100 members in the proposed class, the aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which one or more members of the proposed class, including Plaintiffs, are citizens of a state different from Defendant. The Court has supplemental jurisdiction over the alleged state law claims under 28 U.S.C. § 1367 because they form part of the same case or controversy.

8.      This Court has personal jurisdiction over Defendants because their headquarters and principal place of business is located in Folsom, California, which is located in Sacramento County, California. Defendants have also conducted systematic and continuous activities in California; and there is a substantial nexus between the conduct Defendants direct at California and the claims asserted herein.

CLASS ACTION COMPLAINT

III.    **PARTIES**

    A.    **Plaintiffs**

    9.    **Plaintiff Samariah Lockhart** is, and at all relevant times herein has been, a resident and citizen of the State of South Carolina.

    10.    Plaintiff Lockhart's minor child P.M. is, and at all relevant times herein has been, a resident and citizen of the State of South Carolina.

    11.    Plaintiff Lockhart's minor child P.M. currently attends school at the Cyber Academy of South Carolina, a full-time online public school for K–12 students, and previously attended Maiden High School. Both schools use PowerSchool products and services. As a result, the Private Information of Plaintiff Lockhart and her minor child P.M. was collected by PowerSchool.

    12.    Plaintiff Lockhart believed that the Private Information collected by PowerSchool would be kept confidential and secure and would be used solely for authorized purposes related to her minor child's education.

    13.    On or about January 10, 2025, Plaintiff Lockhart received a notice of a data breach from David Crook, the CEO of Cyber Academy of South Carolina, stating that the school had been informed of a breach of PowerSchool's PowerSource portal by third party threat actors and that it was awaiting an official report from PowerSchool and the South Carolina Department of Education regarding whether its school's records were impacted. Plaintiff has also been informed of a data breach notification from PowerSchool, stating that her minor child's Private Information was improperly accessed by unauthorized third parties in the Data Breach. Thus, upon information and belief, her and her minor child's Private Information was improperly accessed by unauthorized third parties in the Data Breach.

    14.    As a result of Defendants' failure to safeguard her and her child's Private Information, Plaintiff and her minor child suffered significant harm, including diminution in the value of their Private Information, emotional distress, an increased risk of identity theft and fraud, and lost time spent investigating the Breach and monitoring for fraud and identity theft.

    15.    **Plaintiff Justine Shamey** is, and at all relevant times herein has been, a resident and citizen of the State of North Carolina.

16.     Plaintiff Shamey's minor child A.B. is, and at all relevant times herein has been, a resident and citizen of the State of North Carolina.

17.     Plaintiff Shamey is a teacher employed in the Winston-Salem Forsyth County School District. Plaintiff Shamey's minor child attends school in the Winston-Salem Forsyth County School District. The school district uses PowerSchool products and services. As a result, the Private Information of Plaintiff Shamey and her minor child A.B. was collected by PowerSchool.

18.     Plaintiff Shamey believed that the Private Information collected by PowerSchool would be kept confidential and secure and would be used solely for authorized purposes related to her minor child's education and her employment by the school district.

19.     On or about January 8, 2025, Plaintiff Shamey received a notice of a data breach from the school district, stating that her and her minor child's Private Information was improperly accessed by unauthorized third parties in the Data Breach.

20.     As a result of Defendants' failure to safeguard her and her child's Private Information, Plaintiff and her minor child suffered significant harm, including diminution in the value of their Private Information, emotional distress, an increased risk of identity theft and fraud, and lost time spent investigating the Breach and monitoring for fraud and identity theft.

21.     **Plaintiff Kristin Eckart** is, and at all relevant times herein has been, a resident and citizen of the State of North Carolina.

22.     Plaintiff Eckart's minor children J.E. and T.E. are, and at all relevant times herein have been, residents and citizens of the State of North Carolina.

23.     Plaintiff Eckart's minor children attend or attended school in the Winston-Salem Forsyth County School District. The school district uses PowerSchool products and services. As a result, the Private Information of Plaintiff Eckart and her minor children J.E. and T.E. was collected by PowerSchool.

24.     Plaintiff Eckart believed that the Private Information collected by PowerSchool would be kept confidential and secure and would be used solely for authorized purposes related to her minor children's education.

CLASS ACTION COMPLAINT

25.     On or about January 8, 2025, Plaintiff Eckart received a notice of a data breach from the school district, stating that her and her minor children's Private Information was improperly accessed by unauthorized third parties in the Data Breach.

26.     As a result of Defendants' failure to safeguard her and her children's Private Information, Plaintiff and her minor children suffered significant harm, including diminution in the value of their Private Information, emotional distress, an increased risk of identity theft and fraud, and lost time spent investigating the Breach and monitoring for fraud and identity theft.

27.     **Plaintiff Cara Lewis** is, and at all relevant times herein has been, a resident and citizen of the State of Oregon. Plaintiff Lewis's minor children M.L. and A.L. are, and at all relevant times herein have been, residents and citizens of the State of Oregon.

28.     Plaintiff Lewis's minor children attend school at Oregon Charter Academy, which uses PowerSchool products and services. As a result, the Private Information of Plaintiff Lewis and her minor children M.L. and A.L. was collected by PowerSchool.

29.     Plaintiff Lewis believed that the Private Information collected by PowerSchool would be kept confidential and secure and would be used solely for authorized purposes related to her minor children's education.

30.     On or about January 13, 2025, Plaintiff Lewis received a notice of a data breach from the school, informing her of the Data Breach. Upon information and belief, her and her minor children's Private Information was improperly accessed by unauthorized third parties in the Data Breach.

31.     As a result of Defendants' failure to safeguard her and her children's Private Information, Plaintiff and her minor children suffered significant harm, including diminution in the value of their Private Information, emotional distress, an increased risk of identity theft and fraud, and lost time spent investigating the Breach and monitoring for fraud and identity theft.

**B.      Defendants**

32.     **Defendant PowerSchool Holdings, Inc.** is a company incorporated in Delaware, with its principal place of business located at 150 Parkshore Drive, Folsom, California 95630.

33.    **Defendant PowerSchool Group LLC** is a Delaware limited liability company, with its headquarters located at 150 Parkshore Drive, Folsom, California 95630. PowerSchool Group LLC is a subsidiary of PowerSchool Holdings, Inc. Defendant PowerSchool Holdings, Inc. is the parent company of PowerSchool Group LLC and was acquired by Bain Capital in October of 2024.

## IV.    COMMON FACTUAL ALLEGATIONS

### A.    Defendants Collected Plaintiffs' and Class Members' Private Information

34.    Defendant PowerSchool is an education technology corporation that sells its cloud-based software solutions to schools and school districts throughout the United States and around the world. In order to provide its software and other products to its customers, PowerSchool receives, collects, and stores the Private Information of millions of students and employees who attend or work at the schools and school districts that are their customers. The Private Information collected by Defendants includes names, addresses, dates of birth, addresses, phone numbers, email addresses, Social Security numbers and medical information, and other information that Defendants deem necessary to conduct their business.

35.    In collecting and maintaining this Private Information, Defendants agreed they would safeguard the data in accordance with its internal policies, state law, and federal law. Defendants' own website touted their products as a solution to protect student information, stating: "PowerSchool invests in updated security technology and adheres to strict security regulations. To keep your data secure."[1] Defendants further advertised their platform as secure, claiming that it's an "[i]ndustry [l]eader for [p]rotected, [p]rivate [d]ata."[2] On its website, PowerSchool assures parents that they can "trust" PowerSchool to safeguard and protect their children's personal information:[3]

---

[1]    POWERSCHOOL, "Bring Accuracy and Security to Your Student Data," https://www.powerschool.com/solutions/keep-your-student-data-safe-secure/ (last visited Jan. 28, 2025).

[2]    POWERSCHOOL, "Cybersecurity, Data Privacy, & Infrastructure," https://www.powerschool.com/security/ (last visited Jan. 28, 2025).

[3]    *Id.*

**Give Parents Peace of Mind**

Parents can rest assured that PowerSchool is a trusted, verified custodian of their children's data. When a district or school partners with PowerSchool, parents and students are invited into the secure system and enter their information, with their consent.

36.     Further, in PowerSchool's Form 10-K, filed on February 29, 2024, it claimed "[t]he Company has a robust process for the assessment, identification, and management of material risks from cybersecurity threats."[4] It further acknowledged that "[m]anaging cybersecurity risks effectively is one of the *key objectives* of [its] enterprise risk management programs" given that it acts "as a data processor of personal data for educational purposes."[5]

37.     By obtaining, collecting, and storing Plaintiffs' and Class Members' Private Information and representing that they would safeguard this information, Defendants assumed legal and equitable duties over the Private Information and knew or should have known that it was thereafter responsible for protecting Plaintiffs' and Class Members' Private information from unauthorized disclosure.

38.     Due to the high-profile nature of these breaches, and other breaches of its kind, Defendants were and/or certainly should have been on notice and aware of such attacks occurring in its industry and, therefore, should have assumed and adequately performed the duty of preparing for such an imminent attack. This is especially true given that PowerSchool is a large, sophisticated operation with resources to put adequate data security protocols in place.

---

[4] PowerSchool Holdings, Inc.'s Form 10-K for the fiscal year ended December 31, 2023, at 57, https://www.sec.gov/ix?doc=/Archives/edgar/data/1835681/000183568124000016/pwsc-20231231.htm.

[5] *Id.*

CLASS ACTION COMPLAINT

39.    And yet, despite the prevalence of public announcements of data breaches and data security compromises, Defendants failed to take appropriate steps to protect Plaintiffs' and Class Members' Private Information from being compromised.

**B.    The Data Breach**

40.    Defendants reported on their website that on December 28, 2024, it "became aware of a cybersecurity incident involving unauthorized exportation of personal information" through its PowerSource customer support platform.[6] According to the Defendants, "PowerSource contains a maintenance access tool that allows PowerSchool engineers to access Customer SIS instances for ongoing support and to troubleshoot performance issues."[7] Using this PowerSource tool, the attacker exported the PowerSchool "Students" and "Teachers" database tables to a .CSV file, which was then stolen.[8]

41.    The hackers who committed the Data Breach have claimed that they are in possession of the Private Information of 62.4 million students and 9.5 million teachers.[9] To date, at least 2.7 million records have been confirmed to have been affected by the Data Breach.[10]

42.    Defendants did not begin to notify its customers, the schools and school districts where Plaintiffs and Class Members attend or work, until January 7, 2025. Plaintiffs were not aware of the Data Breach that resulted in the theft of their Private Information until they received notification from their respective schools and school districts. As of this filing, Defendants still have not directly communicated with many of the victims of their Data Breach to notify them of the attack, inform them what Private Information was stolen, and what Defendants intend to do to ensure their data will be properly secured in the future.

---

[6] POWERSCHOOL, https://www.powerschool.com/security/sis-incident/ (last visited Jan. 28, 2025).

[7] Lawrence Abrams, *PowerSchool hack exposes student, teacher data from K-12 districts*, BLEEPING COMPUTER (Jan. 7, 2025), https://www.bleepingcomputer.com/news/security/powerschool-hacker-claims-they-stole-data-of-62-million-students/.

[8] *Id.*

[9] *Id.*

[10] Ionut Arghire, *Millions Impacted by PowerSchool Data Breach*, SECURITYWEEK (Jan. 24, 2025), https://www.securityweek.com/millions-impacted-by-powerschool-data-breach/.

43.    Upon information and belief, the unauthorized third-party cybercriminals gained access to Plaintiffs' and Class Members' Private Information with the intent of misusing the Private Information, including marketing and selling Plaintiffs' and Class Members' Private Information.

44.    Ten days after they claim to have discovered the Data Breach, Defendants finally began sending the Notice to persons whose Private Information Defendants confirmed was potentially compromised as a result of the Data Breach. The Notice provided basic details of the Data Breach and Defendants' recommended next steps.

45.    PowerSchool has acknowledged that the information accessed in the Data Breach included at the least the following:

    i.    Names;

    ii.    Addresses;

    iii.    Social security numbers;

    iv.    Phone numbers;

    v.    Email addresses;

    vi.    Medical information;

    vii.    Grades and grade point averages;

    viii.    Bus stops for students;

    ix.    Notes and alerts concerning students;

    x.    Student IDs; and

    xi.    PII of parents of guardians of students.

46.    According to public reports, the cybercriminals were able to exfiltrate 150 unique fields for every student and 97 unique fields for every staff member.[11]

47.    Plaintiffs and Class Members are left to speculate as to where their Private Information ended up, who has used it, and for what potentially nefarious purposes. Indeed, they are left to further speculate as to the full impact of the Data Breach and how exactly Defendants intend to enhance their information security systems and monitoring capabilities so as to prevent further breaches.

---

[11] Arghire, *supra* n.12.

CLASS ACTION COMPLAINT

48.     Plaintiffs' and Class Members' Private Information may end up for sale on the dark web, or simply fall into the hands of companies that will use the detailed Private Information for targeted marketing with Plaintiffs' and/or Class Members' approval. Either way, unauthorized individuals can now easily access Plaintiffs' and Class Members' Private Information.

**C.      Defendants Had an Obligation to Protect the Stolen Information**

49.     Defendants had a responsibility to protect the personal information entrusted to them by Plaintiffs and Class Members by implementing sufficient security measures, including by implementing stricter password and credential requirements.

50.     Defendants further had a duty to safeguard customers' Private Information pursuant to industry standards and duties imposed by statutes, including Section 5 of the Federal Trade Commission Act (the "FTC Act"), which requires companies to maintain reasonable and appropriate data security measures. The FTC has issued guidance specifically to the entities which use cloud-based services, and reminded them that securing the information on the cloud-based services is their corporate responsibility.[12]

51.     Defendant PowerSchool is a sophisticated technology company—it is one of the largest education technology providers in the world. PowerSchool is well aware of its duty to safeguard information and that the data it collects and stores are valuable targets for data thieves. Indeed, PowerSchool acknowledges that identifying "cybersecurity risks [] is one of the key objectives" of its business in its Form 10-K.[13]

52.     Despite knowing that their clients' data was valuable and was at risk of cyberattack, Defendants continued to store massive amounts of their customers' data in an insecure manner. Had Defendants implemented proper security measures, such as by implementing stricter password and credential requirements, the Data Breach may have been prevented.

53.     In failing to adequately secure Plaintiffs' and Class Members' sensitive data, Defendants breached duties they owed Plaintiffs and Class Members under statutory and common law.

---

[12] *Protecting Personal Information: A Guide for Business*, FED. TRADE COMM'N (Oct. 2016), https://www.ftc.gov/business-guidance/resources/protecting-personal-information-guide-business.

[13] PowerSchool Holdings, Inc.'s Form 10-K, *supra* n.6.

### D.    Value of the Private Information

54.    Plaintiffs and Class Members have suffered injury from the misuse of their Private Information that can be directly traced to Defendants' conduct in causing the Data Breach.

55.    As a result of Defendants' inadequate security and breach of their duties and obligations, the Private Information of Plaintiffs and Class Members was compromised through disclosure to an unauthorized criminal third party. Plaintiffs and Class Members have suffered injuries as a direct and proximate result of Defendants' conduct. Plaintiffs and Class Members now face an increased risk of identity theft and will consequentially have to spend, and will continue to spend, significant time and money to protect themselves due to the Data Breach.

56.    Plaintiffs and Class Members must now spend their own time, money, and energy to monitor their accounts to ensure personal information obtained in this Data Breach is not used to further harm them. This includes the need to review all financial activity, monitor credit status, update previously secure passwords and logins to an increasing variety of accounts, scrutinize communications, and seek out and purchase credit monitoring services and identity theft protection.

57.    Once personal information is exposed, there is virtually no way to ensure that the exposed information has been recovered or contained against future misuse. In addition, there is the prospect that the stolen data can be aggregated and combined with the data from other data breaches.

## V.    CLASS ACTION ALLEGATIONS

58.    Plaintiffs bring this action pursuant to Rule 23(b)(2), 23(b)(3), and 23(b)(4) of the Federal Rules of Civil Procedure, on behalf of Plaintiffs, their minor children, and the following class and subclasses (collectively, the "Class"):

**The Nationwide Class**: All individuals whose PII was compromised as a result of the Data Breach.

**The Student Subclass**: All students and former students whose PII was compromised as a result of the Data Breach.

**The Employee Subclass**: All employees of entities that use PowerSchool whose PII was compromised as a result of the Data Breach.

59.     Excluded from the proposed Class are: Defendants, any entity in which Defendants have a controlling interest, is a parent or subsidiary, or which is controlled by Defendants, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendants; and judicial officers to whom this case is assigned and their immediate family members.

60.     Plaintiffs reserve the right to re-define the Class definition after conducting discovery.

61.     **Numerosity (Fed. R. Civ. P. 23(a)(1)).** The Class Members are so numerous that joinder of all members is impracticable. Based on information and belief, the Class includes millions of people whose PII was compromised as a result of the Data Breach. The parties will be able to identify the exact size of the Class through discovery and Defendants' records.

62.     **Commonality and Predominance (Fed. R. Civ. P. 23(a)(2); 23(b)(3)).** Common questions of law and fact exist for each of the claims and predominate over questions affecting only individual members of the Class. Questions common to the Class include, but are not limited to the following:

a)  Whether Defendants had a legal duty to implement and maintain reasonable security procedures and practices for the protection of Plaintiffs' and Class Members' PII;

b)  Whether Defendants breached their legal duty to implement and maintain reasonable security procedures and practices for the protection of Plaintiffs' and Class Members' PII;

c)  Whether Defendants acted willfully, recklessly, or negligently in connection with the maintenance of reasonable security procedures and practices to protect Plaintiffs' and Class Members' PII;

d)  Whether Defendants' conduct, practices, actions, and omissions, resulted in or was the proximate cause of the Data Breach, resulting in the loss of Plaintiffs' and Class Members' PII;

e)  Whether Defendants had a legal duty to provide timely and accurate notice of the data breach to Plaintiffs and Class Members;

f)  Whether Defendants breached their duty to provide timely and accurate notice of the Data Breach to Plaintiffs and Class Members;

g) Whether and when Defendants knew or should have known that their systems were vulnerable to attack;

h) Whether Defendants adequately addressed and fixed the vulnerabilities that enabled the Data Breach;

i) Whether Defendants received a benefit without proper restitution making it unjust for Defendants to retain the benefit without commensurate compensation;

j) Whether Defendants violated state Unfair Competition Laws;

k) Whether Plaintiffs and Class Members suffered legally cognizable damages as a result of Defendants' conduct, including increased risk of identity theft and loss of value of their PII; and

l) Whether Plaintiffs and Class Members are entitled to relief, including compensatory damaged, punitive damages, and/or statutory or civil penalties, and equitable relief.

63. **Typicality (Fed. R. Civ. P. 23(a)(3)).** Pursuant to Rule 23(a)(3), Plaintiffs' claims are typical of the claims of the Class Members. Plaintiffs' claims are typical of the claims of the members of the Class because all Class Members' Private Information was compromised following the Data Breach and all Class Members were harmed as a result.

64. **Adequacy of Representation (Fed. R. Civ. P. 23(a)(4)).** Pursuant to Rule 23(a)(4), Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of the Class. Plaintiffs have no interest antagonistic to, or in conflict with, the interests of the Class Members. Plaintiffs have retained counsel experienced in prosecuting class actions and data breach cases.

65. **Superiority (Fed. R. Civ. P. 23(b)(3)).** Pursuant to Rule 23(b)(3), a class action is superior to individual adjudications of this controversy. Litigation is not economically feasible for individual Class Members because the amount of monetary relief available to individual plaintiffs is insufficient in the absence of the class action procedure. Separate litigation could yield inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. A class action presents fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

66. **Risk of Inconsistent or Dispositive Adjudications and the Appropriateness of Final Injunctive or Declaratory Relief (Fed. R. Civ. P. 23(b)(1) and (2)).** In the alternative, this action may properly be maintained as a class action, because:

a) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class Members which would establish incompatible standards of conduct for Defendants;

b) the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

c) Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

67. **Issue Certification (Fed. R. Civ. P. 23(c)(4)).** In the alternative, the common questions of fact and law, set forth above, are appropriate for issue certification on behalf of the proposed Class.

## VI.    CAUSES OF ACTION

### COUNT I
#### Negligence
#### (On Behalf of Plaintiffs and the Class)

68. Plaintiffs incorporate by reference all other paragraphs as if fully set forth herein.

69. Plaintiffs bring this claim on behalf of themselves, their minor children, and on behalf of the Class.

70. Defendants owed a duty to Plaintiffs and all other Class Members to exercise reasonable care in safeguarding and protecting their PII in Defendants' possession, custody, or control.

71. Defendants knew, or should have known, the risks of collecting and storing Plaintiffs' and all other Class Members' PII and the importance of maintaining secure systems. Defendants knew,

1    or should have known, of the vast uptick in data breaches in recent years. Defendants had a duty to

2    protect the PII of Plaintiffs and Class Members.

3           72.    Given the nature of Defendants' business, the sensitivity and value of the PII they

4    maintain, and the resources at their disposal, Defendants should have identified the vulnerabilities to

5    its systems and prevented the Data Breach from occurring, which Defendants had a duty to prevent.

6           73.    Defendants breached these duties by failing to exercise reasonable care in safeguarding

7    and protecting Plaintiffs' and Class Members' PII by failing to design, adopt, implement, control,

8    direct, oversee, manage, monitor, and audit appropriate data security processes, controls, policies,

9    procedures, protocols, and software and hardware systems to safeguard and protect PII entrusted to

10   them—including Plaintiffs' and Class Members' PII.

11          74.    It was reasonably foreseeable to Defendants that their failure to exercise reasonable

12   care in safeguarding and protecting Plaintiffs' and Class Members' PII by failing to design, adopt,

13   implement, control, direct, oversee, manage, monitor, and audit appropriate data security processes,

14   controls, policies, procedures, protocols, and software and hardware systems would result in the

15   unauthorized release, disclosure, and dissemination of Plaintiffs' and Class Members' PII to

16   unauthorized individuals.

17          75.    But for Defendants' negligent conduct or breach of the above-described duties owed to

18   Plaintiffs and the Class Members, their PII would not have been compromised.

19          76.    As a result of Defendants' above-described wrongful actions, inaction, and want of

20   ordinary care that directly and proximately caused the Data Breach, Plaintiffs and all other Class

21   Members have suffered, and will continue to suffer, economic damages, and other injury and actual

22   harm in the form of, *inter alia*: (i) a substantially increased risk of identity theft—risks justifying

23   expenditures for protective and remedial services for which they are entitled to compensation; (ii)

24   improper disclosure of their PII; (iii) breach of the confidentiality of their PII; (iv) deprivation of the

25   value of their PII, for which there is a well-established national and international market; (v) lost time

26   and money incurred to mitigate and remediate the effects of the Data Breach, including the increased

27   risks of identity theft they face and will continue to face; and (vi) actual or attempted fraud.

28

## COUNT II
### Negligence *Per Se*
### (On Behalf of Plaintiffs and the Class)

77.    Plaintiffs incorporate by reference all other paragraphs as if fully set forth herein.

78.    Plaintiffs bring this claim on behalf of themselves, their minor children, and on behalf of the Class.

79.    Under the FTC Act, 15 U.S.C. § 45, Defendants had a duty to use fair and adequate computer systems and data security practices to safeguard Plaintiffs' and Class Members' Private Information.

80.    Section 5 of the FTC Act prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendants, of failing to use reasonable measures to protect the PII entrusted to it. The FTC publications and orders promulgated pursuant to the FTC Act also form part of the basis of Defendants' duty to protect Plaintiffs' and Class Members' sensitive PII.

81.    Defendants violated Security Rules and Section 5 of the FTC Act by failing to use reasonable measures to protect Plaintiffs' and all other Class Members' PII and not complying with applicable industry standards. Defendants' conduct was particularly unreasonable given the nature and amount of PII they obtain and store, and the foreseeable consequences of a data breach involving PII including, specifically, the substantial damages that would result to Plaintiffs and the other Class Members.

82.    Defendants' violations of Security Rules and Section 5 of the FTCA constitute negligence *per se*.

83.    Plaintiffs and Class Members are within the class of persons that Security Rules and Section 5 of the FTCA were intended to protect.

84.    The harm occurring because of the Data Breach is the type of harm Security Rules and Section 5 of the FTCA were intended to guard against.

85.    It was reasonably foreseeable to Defendants that their failure to exercise reasonable care in safeguarding and protecting Plaintiffs' and Class Members' PII by failing to design, adopt, implement, control, direct, oversee, manage, monitor, and audit appropriate data security processes,

controls, policies, procedures, protocols, and software and hardware systems, would result in the release, disclosure, and dissemination of Plaintiffs' and Class Members' PII to unauthorized individuals.

86.    The injury and harm that Plaintiffs and the other Class Members suffered were the direct and proximate result of Defendants' violations of Security Rules and Section 5 of the FTCA. Plaintiffs and Class Members have suffered (and will continue to suffer) economic damages and other injury and actual harm in the form of, *inter alia*: theft of their PII; costs associated with credit monitoring and identity theft protection services; costs associated with the detection and prevention of identity theft and unauthorized use of their PII; damaged credit scores resulting from credit inquiries following fraudulent activities; lost time spent addressing and attempting to ameliorate, mitigate, and deal with the actual and future consequences of the Data Breach; diminution in value of their PII; and emotional distress from the unauthorized disclosure of PII.

## COUNT III
### Breach of Third-Party Beneficiary Contract
### (On Behalf of Plaintiffs and the Class)

87.    Plaintiffs incorporate by reference all other paragraphs as if fully set forth herein.

88.    Plaintiffs bring this claim on behalf of themselves, their minor children, and on behalf of the Class.

89.    Prior to storing and processing data with Defendants' services, each of Defendants' customers entered into a contract with Defendants, under which, upon information and belief, Defendants agreed to take reasonable steps to protect data stored in their systems, including Plaintiffs' and Class Members' PII, and to comply with their statutory and common law duties to protect Plaintiffs' and Class Members' PII.

90.    Upon information and belief, each such contract Defendants entered into with their clients was substantially similar with respect to Defendants' duty to safeguard data, including Plaintiffs' and Class Members' PII. Further, each such contract was made for Plaintiffs' and Class Members' direct benefit, and for each such contract, and Defendants' secure housing of PII was a material obligation that was specifically bargained for.

91.     Upon information and belief, Defendants' clients would not have provided their data, which included Plaintiffs' and Class Members' PII, to Defendants had they known that Defendants would not safeguard it, as promised.

92.     As set forth above and throughout, Defendants failed to fulfill their obligations to safeguard this data, including Plaintiffs' and Class Members' PII. Defendants at all times knew that any such breach of this duty would proximately cause harm to Plaintiffs, Plaintiffs' minor children, and Class Members.

93.     The losses and damages Plaintiffs and Class Members sustained, include, but are not limited to: theft of their PII; costs associated with credit monitoring and identity theft protection services; costs associated with the detection and prevention of identity theft and unauthorized use of their PII; damaged credit scores resulting from credit inquiries following fraudulent activities; lost time spent addressing and attempting to ameliorate, mitigate, and deal with the actual and future consequences of the Data Breach; diminution in value of their PII; and emotional distress from the unauthorized disclosure of PII.

94.     As a direct and proximate result of Defendants' breach of these contracts, Plaintiffs and Class Members are entitled to damages, including compensatory, punitive, and/or nominal damages, in an amount to be proven at trial.

**<u>COUNT IV</u>**
**Invasion of Privacy**
**(On Behalf of Plaintiffs and the Class)**

95.     Plaintiffs incorporate by reference all other paragraphs as if fully set forth herein.

96.     Plaintiffs bring this claim on behalf of themselves, their minor children, and on behalf of the Class.

97.     Plaintiffs and Class Members have a legally protected privacy interest in their PII that Defendants required them to provide and/or allow them to store.

98.     Plaintiffs and Class Members reasonably expected their PII would be protected and secured from unauthorized parties, would not be disclosed to any unauthorized parties, or disclosed for any improper purpose.

99.     Defendants unlawfully invaded the privacy rights of Plaintiffs and Class Members by (a) failing to adequately secure their PII from disclosure to unauthorized parties for improper purposes; (b) leaving their PII exposed to unauthorized parties in a manner that is highly offensive to a reasonable person; and (c) leaving their PII exposed to unauthorized parties without the informed and clear consent of Plaintiffs and Class Members. This invasion into the privacy interests of Plaintiffs and Class Members is serious and substantial.

100.     In failing to adequately secure Plaintiffs' and Class Members' PII, Defendants acted in reckless disregard of their privacy rights. Defendants knew or should have known that their substandard data security measures are highly offensive to a reasonable person in the same position as Plaintiffs and Class Members.

101.     Defendants violated Plaintiffs' and Class Members' right to privacy under the common law as well as under state and federal law.

102.     As a direct and proximate result of Defendants' unlawful invasions of privacy, Plaintiffs' and Class Members' PII has been viewed or is at imminent risk of being viewed, and their reasonable expectations of privacy have been intruded upon and frustrated. Plaintiffs and the proposed Class have suffered injury as a result of Defendants' unlawful invasions of privacy and are entitled to appropriate relief.

**COUNT V**
**Unjust Enrichment**
**(On Behalf of Plaintiffs and the Class)**

103.     Plaintiffs incorporate by reference all other paragraphs as if fully set forth herein.

104.     Plaintiffs bring this claim on behalf of themselves, their minor children, and on behalf of the Class.

105.     Defendants enriched themselves by saving the costs they reasonably should have expended on data security measures to secure Plaintiffs' and Class Members' PII, which cost savings increased the profitability of their services.

106.     Upon information and belief, instead of providing a reasonable level of security that would have prevented the Data Breach, Defendants instead calculated to avoid their data security obligations at the expense of Plaintiffs and Class Members by utilizing cheaper, ineffective security

measures. Plaintiffs and Class Members, on the other hand, suffered as a direct and proximate result of Defendants' failure to provide the requisite security.

107.    Defendants should not be permitted to retain the monetary value of the benefit belonging to Plaintiffs and Class Members, because Defendants failed to implement appropriate data management and security measures that are mandated by industry standards.

108.    Defendants acquired the monetary benefit, PII, through inequitable means in that they failed to disclose the inadequate security practices previously alleged.

109.    Had Plaintiffs and Class Members known that Defendants had not secured their PII, they would not have agreed to provide PII to Defendants. Plaintiffs and Class Members have no adequate remedy at law.

110.    The losses and damages Plaintiffs and Class Members sustained, include, but are not limited to: theft of their PII; costs associated with credit monitoring and identity theft protection services; costs associated with the detection and prevention of identity theft and unauthorized use of their PII; damaged credit scores resulting from credit inquiries following fraudulent activities; lost time spent addressing and attempting to ameliorate, mitigate, and deal with the actual and future consequences of the Data Breach; diminution in value of their PII; and emotional distress from the unauthorized disclosure of PII.

111.    Defendants should be compelled to disgorge proceeds that they unjustly received into a common fund or constructive trust for the benefit of Plaintiffs and Class Members.

<u>**COUNT VI**</u>
**Breach of Fiduciary Duty**
**(On Behalf of Plaintiffs and the Class)**

112.    Plaintiffs incorporate by reference all other paragraphs as if fully set forth herein.

113.    Plaintiffs bring this claim on behalf of themselves, their minor children, and on behalf of the Class.

114.    By accepting, collecting, storing, and processing Plaintiffs' and Class Members' data, Defendants became guardians of Plaintiffs' and Class Members' PII. Defendants became fiduciaries by their undertaking and guardianship of the PII, PII, and thereby had a fiduciary duty to act primarily for Plaintiffs and Class Members to act primarily for Plaintiffs and Class Members, (1) for the

safeguarding of Plaintiffs' and Class Members' PII; (2) to timely notify Plaintiffs and Class Members of a Data Breach; and (3) to maintain complete and accurate records of what information Defendants store and where they store it.

115.    Defendants have a fiduciary duty to act for the benefit of Plaintiffs and Class Members upon matters within the scope of their relationship. Defendants breached that duty by failing to properly secure and protect Plaintiffs' and Class Members' PII.

116.    Plaintiffs and Class Members provided their PII to Defendants with the understanding that it would be protected and that such PII would not be disseminated to any unauthorized third parties. Plaintiffs and Class Members would not have entrusted Defendants to retain their PII had they known of Defendants' inadequate data security practices.

117.    Defendants breached their fiduciary duty to Plaintiffs and Class Members by failing to sufficiently encrypt or otherwise protect Plaintiffs' and Class Members' PII, and by failing to implement stricter password and credential requirements.

118.    Defendants also breached their fiduciary duty to Plaintiffs and Class Members by failing to diligently discover, investigate, and give notice of the Data Breach in a reasonable and practicable period.

119.    As a direct and proximate result of Defendants' breach of their fiduciary duty, Plaintiffs and Class Members have suffered and will continue to suffer numerous injuries as detailed above.

**COUNT VII**
**Declaratory Judgment**
**(On Behalf of Plaintiffs and the Class)**

120.    Plaintiffs incorporate by reference all other paragraphs as if fully set forth herein.

121.    Plaintiffs bring this claim on behalf of themselves, their minor children, and on behalf of the Class.

122.    Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and to grant further necessary relief. The Court has broad authority to restrain acts, such as those alleged herein, which are tortious and unlawful.

123.    An actual controversy has arisen in the wake of the Data Breach regarding Defendants' duties to safeguard and protect Plaintiffs' and Class Members' PII. Defendants' security measures were, and continue to be, woefully inadequate.

124.    Plaintiffs and Class Members continue to suffer damages and exposure to other injury and harm, and without a declaratory relief, they will likely continue to suffer further injury, a possibility of a future data breach, and harm.

125.    Therefore, Plaintiffs and Class Members request a judicial determination of their rights and duties, and ask the Court to enter a judgment declaring that, *inter alia*, (i) Defendants owed a legal duty to safeguard and protect Plaintiffs' and Class Members' confidential and sensitive PII, and to timely notify them about the Data Breach, (ii) Defendants breached those legal duties by failing to safeguard and protect Plaintiffs' and Class Members' PII, and (iii) Defendants' breach of their legal duties directly and proximately caused the Data Breach, and the resulting damages, injury, and/or harm suffered by Plaintiffs and Class Members. A declaration from the Court ordering Defendants to stop their illegal practices is required. Plaintiffs and Class Members will otherwise continue to suffer harm as alleged above.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and Class Members, request judgment against Defendants and that the Court grants the following:

a)    For an Order certifying the Class, and appointing Plaintiffs and Plaintiffs' counsel to represent the Class;

b)    For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of the PII of Plaintiffs and Class Members;

c)    For injunctive relief requested by Plaintiffs, including but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and Class Members, including but not limited to an order:

i.    prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

ii.    requiring Defendants to protect, including through encryption, all data collected through the course of their business in accordance with all applicable regulations, industry standards, and federal, state, or local laws;

iii.    requiring Defendants to delete, destroy, and purge the personal identifying information of Plaintiffs and Class Members unless Defendants can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Plaintiffs and Class Members;

iv.    requiring Defendants to provide out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII for Plaintiffs' and Class Members' respective lifetimes;

v.    requiring Defendants to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of the PII of Plaintiffs and Class Members;

vi.    requiring Defendants to engage independent third-party security auditors/penetration testers, as well as internal security personnel, to conduct testing, including simulated attacks, penetration tests, and audits on Defendants' systems on a periodic basis, and ordering Defendants to promptly correct any problems or issues detected by such third-party security auditors;

vii.    requiring Defendants to engage independent third-party security auditors and internal personnel to run automated security monitoring;

viii.    requiring Defendants to audit, test, and train their security personnel regarding any new or modified procedures;

ix.    requiring Defendants to segment data by, among other things, creating firewalls and controls, so that if one area of Defendants' network is compromised, hackers cannot gain access to other portions of Defendants' systems;

x.    requiring Defendants to conduct regular database scanning and securing checks;

CLASS ACTION COMPLAINT

xi.   requiring Defendants to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling personal identifying information, as well as protecting the personal identifying information of Plaintiffs and Class Members;

xii.   requiring Defendants to routinely and continually conduct internal training and education, and on an annual basis to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach;

xiii.   requiring Defendants to implement a system of tests to assess their respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defendants' policies, programs, and systems for protecting personal identifying information;

xiv.   requiring Defendants to implement, maintain, regularly review, and revise as necessary a threat management program designed to appropriately monitor Defendants' information networks for threats, both internal and external, and assess whether monitoring tools are appropriately configured, tested, and updated;

xv.   requiring Defendants to meaningfully educate all Class Members about the threats that they face as a result of the loss of their confidential personal identifying information to third parties, as well as the steps affected individuals must take to protect themselves;

xvi.   requiring Defendants to implement logging and monitoring programs sufficient to track traffic to and from Defendants' servers; and

xvii.   for a period of 10 years, appointing a qualified and independent third-party assessor to conduct a SOC 2 Type 2 attestation on an annual basis to evaluate

24

Defendants' compliance with the terms of the Court's final judgment, to provide such report to the Court and to counsel for the Class, and to report any deficiencies with compliance of the Court's final judgment;

d)      For an award of damages, including actual, nominal, statutory, consequential, and punitive damages, as allowed by law in an amount to be determined;

e)      For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

f)      For prejudgment interest on all amounts awarded; and

g)      For such other and further relief as this Court may deem just and proper.

## VIII.    JURY DEMAND

Plaintiffs demand a jury trial for all claims so triable.


Dated: January 28, 2025                                    Respectfully submitted,

By:  /s/ Anne K. Davis
Lesley E. Weaver (SBN 191305)
lweaver@bfalaw.com
Anne K. Davis (SBN 267909)
adavis@bfalaw.com
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020

Counsel for Plaintiffs and the Proposed Class